# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COVERALL NORTH AMERICA, INC.,**<br><br>    Petitioner,<br><br>vs.<br><br>**JOAO PADILHA,**<br><br>    Respondent. | Civil Action No. 05-11867 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>    Petitioner,<br><br>vs.<br><br>**SANDRA LISBOA and<br>MIRIAM CARVALHO,**<br><br>    Respondents. | Civil Action No. 05-11868 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>    Petitioner,<br><br>vs.<br><br>**LUCIANA CANESTRARO,**<br><br>    Respondent. | Civil Action No. 05-11869 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>    Petitioner,<br><br>vs.<br><br>**MARCOS MARTINS,**<br><br>    Respondent. | Civil Action No. 05-11870 (MLW) |

| | |
|---|---|
| **COVERALL NORTH AMERICA, INC.,**<br><br>                    Petitioner,<br><br>vs.<br><br>**NAPOLEAO PEREIRA,**<br><br>                    Respondent. | Civil Action No. 05-11871 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>                    Petitioner,<br><br>vs.<br><br>**CARLOS FURTADO and**<br>**AMILTON DESOUZA,**<br><br>                    Respondents. | Civil Action No. 05-11872 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>                    Petitioner,<br><br>vs.<br><br>**WANOR DE CARVALHO,**<br><br>                    Respondent. | Civil Action No. 05-11873 (MLW) |
| **COVERALL NORTH AMERICA, INC.,**<br><br>                    Petitioner,<br><br>vs.<br><br>**ADELSON SODRE,**<br><br>                    Respondent. | Civil Action No. 05-11874 (MLW) |

**EDINEI MACHADO, et al., and all others similarly situated,**

Plaintiffs,

vs.

**COVERALL NORTH AMERICA, INC.,**

Defendant.

Civil Action No. 05-11884 (MLW)

# COVERALL NORTH AMERICA, INC.'S
# MOTION FOR RECONSIDERATION OF CONSOLIDATION ORDER

Coverall North America, Inc. ("Coverall") moves for reconsideration of this Court's September 23, 2005 order (the "Order") allowing the "motion" of Edinei Machado, et al. (plaintiffs in Civil Action No. 05-11884 (the "Class Action")) and each of the Respondents in Civil Action Nos. 05-11867 through 05-11874 (the "Coverall Petitions") to "consolidate" these cases.

The Order has resulted termination of eight of the nine cases listed above. While each of the eight terminated cases is "related," within the meaning of Local Rule 40.1(G)(1), to the remaining, unterminated case (Coverall North America, Inc. v. Padilha, Civil Action No. 05-11867), and while all nine of these cases should be assigned to the same judge pursuant to Local Rule 40.1(G)(3), each case likely will raise distinct legal and factual issues that preclude true "consolidation" of these cases. The terminated cases thus should be restored to the Court's docket and only reassigned to Judge Wolf, the judge in the first filed case, Padilha.

In further support of this motion, Coverall states as follows:

1.  Coverall is a sales and marketing company engaged in the business of selling franchises to operate commercial janitorial cleaning businesses. The Respondents named in the

Coverall Petitions, as well as the named plaintiffs in the Class Action, are current or former owners of Coverall franchises in Massachusetts.

2. On September 15, 2005, Coverall filed the eight Coverall Petitions, seeking orders under the Federal Arbitration Act compelling the Respondents named in those petitions to arbitrate their disputes with Coverall.

3. On September 16, 2005, counsel for each of the Respondents filed the Class Action.

4. By letter dated September 22, 2005 to Chief Judge Young, counsel to the Respondents informed the Court that the Coverall Petitions and the Class Action were "related," and closed her letter stating: "It appears that these cases should all be consolidated. I am bringing this to your attention so as not to take up the time of five different judges to address this issue." The letter did not state that it was a "motion for consolidation" under Local Rule 40.1(J), nor did it even claim that it was a motion.[1] See Exhibit A hereto.

5. On September 23, 2005, before Coverall could reply to Respondents' September 22 letter, this Court entered the Order. It stated: "The letter is, in effect, a motion to consolidate related cases, see Local Rule 40.1 (g) & (j). As the judge in the first filed case, I hereby ALLOW the motion."

6. Subsequent to the Order, all of the civil actions involving the Coverall Petitions (save the Padilha action) and the Class Action were "terminated" and the cases "closed." See, for example, Exhibit B hereto.

---

[1] Perhaps because she did not consider her letter to be a motion, counsel for Respondents did not discuss her letter with counsel for Coverall prior to sending it. Had her letter been a "motion," Local Rule 7.1 would have required her to confer with counsel for Coverall before filing it.

7.  While the <u>Coverall</u> Petitions and the Class Action are "related" cases, the cases are not ripe for true "consolidation":

- **The cases seek different remedies.** The <u>Coverall</u> Petitions seek *only* an order compelling *only* the ten named Respondents to arbitrate their disputes with Coverall, plus an award of fees and costs (as permitted by the parties' agreement to arbitrate). By contrast, the Class Action seeks (a) certification as a class action, (b) a declaratory judgment concerning the relationship between Coverall and all of its Massachusetts franchisees, (c) an award of unpaid wages and overtime for the entire class, (d) statutory trebling of the alleged unpaid wages and overtime, (e) restitution of benefits for the entire class, (f) class-wide damages, and (g) "[a]ny other relief to which the plaintiffs and class members may be entitled."

- **The cases raise different legal issues.** The Class Action covers a wide range of issues, beginning with class certification and extending through the merits of the putative class's claims. By contrast, each of the <u>Coverall</u> Petitions likely will raise only three issues: (1) did the Respondent named in each petition execute an agreement to arbitrate; (2) if so, does that agreement cover the claims raised in Coverall's demand for arbitration against each Respondent, as well as any counter-claims the Respondent may have (regardless of the merits of those claims); and (3) if so, does the Respondent have any defenses to enforcement of the agreement? As the Respondents signed separate agreements to arbitrate, and had separate business dealings with Coverall, the answers to these questions could well differ by each Respondent.

- **The cases may involve different discovery.** Since each of the <u>Coverall</u> Petitions involves a separate contract, executed under its own circumstances, discovery (if needed) as to circumstances surrounding the execution of each contract will be different for each Petition. Discovery in the Class Action (if warranted) likely will focus on many more issues besides the execution of the eight Franchise Agreements identified in the <u>Coverall</u> Petitions.

- **Each case could terminate at a different time.** If the Court were to rule in Coverall's favor on the first two issues presented by the <u>Coverall</u> Petitions (is there an agreement, and does it cover a Respondent's claims?), a disappointed Respondent who had no defense to enforcement of his or her arbitration agreement likely would want to take (and should be allowed to seek) an immediate appeal. If the cases are not "consolidated," such a Respondent could take an appeal as of right. If the cases are consolidated, and there are other Respondents who have defenses to enforcement (and who might be awaiting trial on those defenses), a disappointed Respondent would have to move for entry of a separate judgment before taking an appeal, or else wait for those trials.

- **The judgments in each case likely will be different.** Since each <u>Coverall</u> Petition seeks an order and fee award directed to a particular Respondent, and

seeks entirely different relief from that sought in the Class Action, the terms of the final judgments in each case could be very different. A "consolidated" judgment most likely would look like nine separate judgments cobbled into one.

8. Given the differences among each of the <u>Coverall</u> Petitions, and their further differences from the Class Action, consolidation of all of these cases into a single case, with a single docket, could well result in a confused docket and splintered appeals. "Relating" these cases under Local Rule 40.1 will achieve all of the efficiencies that can be gained by having a single judge decide the few, truly common issues among these cases. Respectfully, the additional step of "consolidating" these cases, and "terminating" all of them but one, is not necessary.

FOR THESE REASONS, Coverall North America, Inc. asks this Court to:

A. Reconsider its electronic order of September 23, 2005;

B. Order that Civil Action Nos. 05-1168 through 05-11874 and Civil Action No. 05-11884 be reactivated and assigned to Judge Mark L. Wolf; and

C. Grant such other and further relief as is just and appropriate.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Coverall North America, Inc. requests oral argument on its Motion for Reconsideration of Consolidation Order.

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies that he has conferred with counsel for Respondent in Civil Action Nos. 05-11867 through 05-11874 and for the named plaintiffs in Civil Action No. 05-11884 in a good-faith attempt to resolve or narrow the issues presented by Coverall North America, Inc.'s Motion for Reconsideration of Consolidation Order.

        COVERALL NORTH AMERICA, INC.,

        By its attorneys,

        _____/s/ Michael D. Vhay_____
        Michael D. Vhay (BBO No. 566444)
        Traci S. Feit (BBO No. 660688)
        DLA PIPER RUDNICK GRAY CARY US LLP
        One International Place, 21st Floor
        Boston, MA  02110-2600
        (617) 406-6000 (telephone)
        (617) 406-6100 (fax)

Dated: October 3, 2005

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

M. Amy Carlin
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault

Tod A. Cochran
Of COUNSEL

*Also admitted in Maine
**Also admitted in New York

September 22, 2005

**VIA HAND DELIVERY**
The Honorable William G. Young
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: Coverall North America, Inc. v. Padilha, No. 05-11867 (MLW)

Coverall North America, Inc. v. Lisboa, No. 05-11868 (RWZ)

Coverall North America, Inc. v. Canestraro, No. 05-11869 (WGY)

Coverall North America, Inc. v. Martins, No. 05-11870 (MLW)

Coverall North America, Inc. v. Pereira, No. 05-11871 (RCL)

Coverall North America, Inc. v. Furtado, No. 05-11872 (RGS)

Coverall North America, Inc. v. De Carvalho, No. 05-11873 (MLW)

Coverall North America, Inc. v. Sodre, No. 05-11874 (MLW)

Machado et al. v. Coverall North America, Inc., No. 05-11884 (RGS)

Dear Chief Judge Young:

I am writing to you in your capacity as Chief Judge to bring to your attention the filing of the above-referenced nine related lawsuits. I represent a group of more than ten non-English speaking immigrant janitorial workers who have claims that they seek to

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

bring on a classwide basis against Coverall North America, Inc. ("Coverall"). These claims include wage claims, misrepresentation, misclassification of the workers as independent contractors, unfair and deceptive business practices, breach of contract, and others.

    Knowing that these workers were preparing to file a class action lawsuit in which they would seek a ruling invalidating Coverall's mandatory arbitration policy, Coverall took the preemptive step of filing eight separate lawsuits against a number of these workers, seeking orders compelling them to arbitrate their claims. Thus, there are now eight separate lawsuits pending on this same issue before five different judges and an additional lawsuit filed by the workers against Coverall. I am enclosing a copy of the workers' class action complaint and one of the eight virtually identical complaints filed by Coverall against the workers.

    It appears that these cases should all be consolidated. I am bringing this to your attention so as not to take up the time of five different judges to address this issue.

    Thank you for your attention to this matter.

Sincerely,

Shannon Liss-Riordan

cc:    Michael Vhay, Esq.

74

## Vhay, Michael D.

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Tuesday, September 27, 2005 2:44 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-11884-RGS Machado et al v. Coverall North America, Incorporated "Terminated Case"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Boyce, Kathy entered on 9/27/2005 at 2:43 PM EDT and filed on 9/27/2005
**Case Name:**         Machado et al v. Coverall North America, Incorporated
**Case Number:**       1:05-cv-11884
**Filer:**
**WARNING: CASE CLOSED on 09/27/2005**
**Document Number:**

**Docket Text:**
Civil Case Terminated. (Boyce, Kathy)

The following document(s) are associated with this transaction:

**1:05-cv-11884 Notice will be electronically mailed to:**

Shannon E. Liss-Riordan    sliss@prle.com, blarimer@prle.com

Michael D. Vhay    michael.vhay@dlapiper.com

**1:05-cv-11884 Notice will not be electronically mailed to:**

10/3/2005